## In re LUCILLE'S INC.

District Court, D. Maine, S. D.
March 20, 1939.

Mayo S. Levenson and Abraham Breitbard, both of Portland, Me., for creditors and trustee.

Oscar Goldman, of Lewiston, Me., for bankrupt.

PETERS, District Judge.

In this matter the court received a petition by Oscar Goldman, an attorney at law, for an allowance of $60 as attorney for the bankrupt, with some small expenses, and also a petition by him as common law assignee of the bankrupt for allowance of $75 for services as such assignee, with some expenses.

Notice of hearing was given to parties interested, including the petitioner, but he did not appear at the hearing, nor did he present any evidence to support his petitions. There was present, however, the trustee, who was attorney for creditors and who brought the involuntary petition, and there was presented to the court a stenographic report of a hearing before the former Referee, now deceased, with sundry exhibits put in the case at that time.

The following are briefly the facts which appear:

The bankrupt is substantially a one-man corporation, owned and run by one David Singer and his wife, Singer being

the active person operating the business, which has been a small store selling ladies' dresses, coats and hats.

On December 12, 1938, the bankrupt made a voluntary assignment to its attorney Oscar Goldman who, on the same day, sent out a letter to creditors notifying them of the assignment and saying that it was the intention to appraise and sell the business for the benefit of creditors, and asking for assents to the assignment. A rough appraisal was made by some local people, not signed by them, but showing a valuation of $800 on the merchandise, fixtures and accounts.

Singer, who was practically the corporation, testified at his hearing under Section 21a of the Bankruptcy Act, 11 U.S.C.A. § 44(a), in December, a few days after the affair occurred, that the stock in trade alone would inventory at cost approximately $1300. It was said to have been all bought subsequent to last July.

On December 16, without further notice to creditors, without any definite effort to obtain any other purchaser, and against the protest of the attorney for creditors, the assignee sold to Singer, who was to all intents and purposes the bankrupt, the entire stock in trade, fixtures and accounts, for $400, and a bill of sale was given to that effect. At the hearing, when it was evident that this sale would be scrutinized, it was said that Singer, in addition, assumed the payment of $150 rent due and threw in some claims of his own; and the assignee produced $160, said to be the proceeds of goods sold by him in the few days that he acted as such; and the total amount, aggregating $560, has been turned over to the trustee who testified that he did not take action to avoid the sale because he feared that the amount involved would not justify the expense.

The transaction was highly irregular. Creditors should have been notified of the proposed sale to the bankrupt and of any offer he had made. The notice sent out to creditors a day or two before the sale was consummated gave no indication that a sale to the bankrupt was contemplated. No real effort was made to get a better price. The appraisal was hasty and apparently in the interest of the bankrupt. The business was not interrupted, Singer continuing as before, but under the authority of the assignee who finally turned over such money (given to him in even amounts each day) as Singer saw fit to pay. No account was rendered. The bankrupt had a perfect right to make an assignment, if in good faith, but the proceeding in this case bears every mark of fraud.

However, regardless of what other action should be taken in the premises, the matter before the court now is the petitions for allowances.

Fortunately the recent amendment to the Bankruptcy Act gives the court more power in such a matter than it formerly had. I refer to Section 2a (21), 11 U.S.C.A. § 11(a) (21), which gives the court authority to re-examine and determine the propriety and reasonableness of disbursements and charges by assignees, and to surcharge the assignee with any amounts deemed improper or excessive.

I deem the whole amount charged improper and excessive, owing to the manner in which the affair was handled by the assignee who was acting at the same time as attorney for the bankrupt and using his position as assignee for the benefit of creditors, not for the benefit of creditors but for the benefit of the bankrupt.

Both petitions are disallowed.